# STATE OF LOUISIANA

# COURT OF APPEAL

# FIRST CIRCUIT

## 2024 CA 0948

KATIE HARRELL THIBODAUX

VERSUS

MINDI LOUISE THIBODAUX

Judgment Rendered: __FEB 2 8 2025__

* * * * * *

On Appeal from the Seventeenth Judicial District Court
In and for the Parish of Lafourche
State of Louisiana
Docket No. 143936

Honorable F. Hugh Larose, Judge Presiding

* * * * * *

| | |
|---|---|
| Jeremy P. Robichaux<br>Thibodaux, Louisiana | Counsel for Plaintiff/Appellee<br>Katie Harrell Thibodaux |
| Nicole D. Streva<br>Morgan City, Louisiana | Counsel for Defendant/Appellant<br>Mindi Louise Thibodaux |

* * * * * *

**BEFORE: McCLENDON, C.J., LANIER AND BALFOUR, JJ.**

**McCLENDON, C.J.**

At issue in this appeal is whether the trial court erred in finding the appellant failed to state a cause of action under LSA-R.S. 9:355.1, *et seq.* For the reasons that follow, we reverse in part and remand.

## FACTS AND PROCEDURAL HISTORY

Katie Harrell Thibodaux and Mindi Louise Thibodaux were married on December 18, 2015. During the marriage, the parties legally adopted two children: Hugh, born October 21, 2015, and Harper, born August 6, 2016. On December 14, 2021, Katie filed a petition seeking a divorce and the determination of incidental matters, including custody of the two minor children. Mindi answered the petition on December 22, 2021.

On June 24, 2022, the parties resolved the matter of custody pursuant to a court-approved consent judgment. The parties stipulated to joint custody of the children, with Katie designated as the domiciliary parent. Regarding the physical custody schedule, the June 24, 2022 consent judgment provided that during the school year, Mindi would have physical custody every other weekend, from school pickup on Friday afternoon until school resumed on Monday morning, and three consecutive weeknights if she was on vacation from work for the week; during the summer, the parties would alternate custody weekly; and for holidays, the parties would alternate and split custody according to the school schedule.[1] The June 24, 2022 consent judgment further provided that Mindi would pay Katie child support; that each party would allow the other reasonable communication with the minor children; and that the minor children's "electronics/tablets [would] follow the children wherever the children may be."

On January 6, 2023, Katie filed a petition for protection from abuse pursuant to LSA-R.S. 46:2131, *et seq.*, on her own behalf and on behalf of the minor children, against Mindi. The trial court issued a temporary protective order (TRO) as requested, effective through January 30, 2023. While the TRO was in effect, on January 19, 2023, Katie filed

---

[1] The June 24, 2022 consent judgment provided that the parties were awarded joint custody of their minor child, but referred to the parties' physical custodial time as "visitation privileges[.]" "Visitation," as provided for in LSA-C.C. art. 136, applies only when a parent does not have custody or joint custody. The time that parents with joint legal custody share with their children is more properly described as physical custody allocation of a joint custody plan, rather than as visitation. LSA-R.S. 9:335; **Lewis v. Marcotte**, 2021-0432 (La.App. 1 Cir. 12/22/21), 339 So.3d 1189, 1191 n.2; see **Evans v. Lungrin**, 97-0541 (La. 2/6/98), 708 So.2d 731, 737.

2

a motion to modify custody, seeking sole custody of the minor children on the grounds alleged in her petition for protection. The January 30, 2023 hearing of Katie's petition for protection was rescheduled to February 27, 2023. Ultimately, both Katie's petition for protection and motion to modify custody were dismissed.[2]

The trial court signed a judgment rendering a final divorce between Katie and Mindi on February 27, 2023.

On November 20, 2023, Mindi filed a single pleading which set forth a motion for contempt, expenses, and return of the minor children, together with a motion for modification of custody and child support (motion for contempt and motion to modify custody). Regarding the motion for contempt, expenses, and return of the minor children, Mindi alleged that Katie relocated the minor children's principal residence more than 75 miles from their former principal residence, without complying with the requirements set forth in Louisiana's child relocation statutes, LSA-R.S. 9:355.1, *et seq.* (relocation statutes). Specifically, Mindi alleged that Katie moved the minor children from 1903 St. Bernard Street, Thibodaux, Louisiana, to 686 Chevreuil Street, Mandeville, Louisiana, a distance of ninety-two miles, without providing Mindi with statutorily-required notice and without obtaining either Mindi's consent or court approval. Mindi further alleged that Katie's relocation was impeding her ability to exercise her physical custody periods, because she was unable to pick the children up from school on Friday afternoons or return them to school on Monday mornings, "as it is an hour and a half away from Thibodaux."

With respect to the motion to modify custody, Mindi alleged that after Katie relocated the minor children without Mindi's consent, Katie refused to bring the minor children to Mindi to facilitate custody exchanges. Rather, Katie insisted that Mindi pick the minor children up in Mandeville. Mindi additionally alleged that Katie interfered with Mindi's communications with the minor children; exposed the minor children to the parties' legal issues; refused to send the minor children's electronics/tablets during Mindi's physical custody periods as agreed in the consent judgment; and refused to send

___
[2] Mindi filed a peremptory exception pleading the objection of no cause of action on February 8, 2023, and the trial court dismissed Katie's petition for protection with prejudice on February 10, 2023. Katie filed an unopposed motion to dismiss her motion to modify custody on February 22, 2023, and the trial court signed the motion to dismiss on February 27, 2023.

sufficient amounts of one of the children's necessary medication for Mindi's physical custody periods. Thus, Mindi contended that a modification of the June 24, 2022 consent judgment was warranted. She requested that the trial court designate her as the domiciliary parent, grant Katie physical custody every other weekend during the school year, grant Katie equal custody during holidays and the summer, and modify child support accordingly.

Mindi's motion for contempt and motion to modify custody were originally set for hearing on January 11, 2024. The day before the hearing, Katie filed a motion to continue the hearing in order to allow her newly-enrolled counsel to prepare, which Mindi opposed.[3] The trial court continued the hearing to March 6, 2024. However, during the January 11, 2024 court date, the parties entered into a temporary order and consent judgment, which provided that Katie would bring the minor children to Mindi for her alternating custodial weekends on Fridays at 6:00 p.m. and pick them up on Sundays at 6:00 p.m., until the hearing.

On February 22, 2024, Katie filed a peremptory exception pleading the objection of no cause of action.[4] Katie alleged that Mindi had failed to allege a cause of action as to her motion for contempt because the relocation statutes apply only when the "straight line or radial distance" (radial distance) between the former residence and the proposed new residence exceeds 75 miles, and the radial distance between the two locations at issue in this matter was only 63.6 miles. Thus, Katie argued the relocation statutes did not apply. Katie further contended that Mindi had failed to state a cause of action with respect to her motion to modify custody, because Mindi did not explicitly allege that the proposed modification was in the best interests of the minor children, but rather, "infers that the modification is warranted due to [Katie's] alleged violation of the relocation statute[s]." Finally, Katie requested that the trial court impose sanctions on Mindi

---

[3] Katie has been represented by numerous attorneys during these proceedings. Paul J. Barker filed the petition for divorce; Benjamin Comeaux filed Katie's motion to modify custody; Benjamin Comeaux and Paul J. Barker then withdrew, and Patricia Reeves Floyd enrolled as counsel for Katie in January and February of 2023; and Jeremy Robichaux enrolled in January 2024.

[4] Louisiana Code of Civil Procedure article 922 recognizes only three exceptions: the declinatory exception, the dilatory exception, and the peremptory exception. In this case, a peremptory exception pleading the objection of no cause of action is at issue. See LSA-C.C.P. art. 927. Herein, for brevity, we refer to that exception as an exception of no cause of action.

pursuant to the relocation statutes, specifically LSA-R.S. 9:355.19, contending that Mindi's argument was "frivolous" and needlessly increased the cost of litigation. Katie's exception was accompanied by two documents marked as exhibits: Exhibit A, a printed Google map reflecting that the radial distance between the minor children's former principal residence, 1903 St. Bernard Street, Thibodaux, and the minor children's present principal residence, 686 Chevreuil Street, Mandeville, was 63.6 miles; and Exhibit B, a printed Google map reflecting that the radial distance between Mindi's present address, 619 Barataria Street, Lockport, and the minor children's present principal residence, 686 Chevreuil Street, Mandeville, was 58.98 miles.

Mindi filed a memorandum in opposition to Katie's exception pleading the objection of no cause of action. Mindi argued that the relocation statutes apply when the distance between the former residence and the proposed new residence exceeds 75 miles when measured by road miles, and the "actual driving distance" between the two locations at issue in this matter was at least 91.8 miles. Mindi further argued that she had shown a material change in circumstances since the June 24, 2022 consent judgment was entered, because Katie had violated the provisions of the relocation statutes; unlawfully interfered with Mindi's ability to exercise her physical custody with the minor children; and inflicted severe emotional distress on the minor children. Mindi's opposition was accompanied by a printed Google map reflecting that the distance between the minor children's former principal residence at 1903 St. Bernard Street, Thibodaux, and their present principal residence at 686 Chevreuil Street, Mandeville, was 91.8 miles via US-90 East and the Lake Ponchartrain Causeway; 109 miles via I-55 North and I-12 East; and 117 miles via US-90 East and I-10 East. Katie filed a memorandum in reply to Mindi's opposition, which primarily re-argued the points she previously made in her exception of no cause of action.

Mindi's motion for contempt and motion to modify custody came for hearing on March 6, 2024. At the conclusion of the hearing, the trial court found that Katie did not breach the relocation statutes and granted Katie's exception of no cause of action.

5

The judgment now before this court on appeal[5] provides, in pertinent part:

**IT IS HEREBY ORDERED** that the Exception of No Cause of Action filed by Katie Harrell Thibodaux is hereby granted based upon the Court finding that Katie Harrell Thibodaux did not breach the relocation statute ([LSA-R.S. 9:355.1, *et seq.*]).

**IT IS HEREBY FURTHER ORDERED** that [the] request for sanctions filed by Katie Harrell Thibodaux is hereby denied.

**IT IS HEREBY FURTHER ORDERED** that the Motion to Modify Custody and Contempt filed by Mindi Louise Thibodaux is hereby dismissed.

On appeal, Mindi has designated two assignments of error: that the trial court erred in granting Katie's exception of no cause of action in finding that the 75-mile rule is measured in radial miles, and that the trial court erred in not hearing Mindi's motion for contempt and to modify custody and child support.

## LAW AND DISCUSSION

The purpose of an exception raising the objection of no cause of action is to determine the sufficiency in law of the petition by determining whether the law affords a remedy on the facts alleged in the pleading. **Dodson & Hooks, APLC v. Louisiana Community Development Capital Fund, Inc. "Capfund"**, 2019-1516 (La.App. 1 Cir. 12/30/20), 318 So.3d 939, 944; see LSA-C.C.P. arts. 927 and 931. The exception of no cause of action is triable only on the face of the petition and any attached documentation, and no evidence may be introduced to support or controvert the objection.[6] **Midland Funding LLC v. Welch**, 2022-0823 (La.App. 1 Cir. 2/24/23), 361 So.3d 1022, 1026; LSA-C.C.P. art. 931. The pertinent question is whether, in the light most favorable to the plaintiff, and with every doubt resolved in the plaintiff's favor, the petition states any valid cause of action for relief. Every reasonable interpretation must be accorded the language

---

[5] This appeal was originally taken from the trial court's written judgment signed on April 8, 2024. On December 12, 2024, this court, *ex proprio motu*, issued an interim order finding an apparent decretal language defect in the trial court's April 8, 2024 judgment. Thus, we remanded the matter to the trial court for the limited purpose of instructing the trial court to sign an amended judgment to correct the deficiencies and comply with LSA-C.C.P. art. 1918, and to supplement the appellate record with the amended judgment. On January 28, 2025, the appellate record was supplemented with an amended judgment dated January 6, 2025. After supplementation of the January 6, 2025 judgment, we maintained the appeal. The language quoted herein is found in the January 6, 2025 judgment.

[6] Louisiana jurisprudence recognizes an exception to the rule against the admission of evidence to support or controvert an exception of no cause of action—when evidence is admitted without objection, it may be considered by the court as enlarging the pleadings. **Beem v. Beem**, 2020-0897 (La.App. 1 Cir. 4/20/21), 324 So.3d 682, 686. However, the transcript from the hearing on Katie's exception does not reflect the admission of any evidence at the hearing. See **Midland**, 361 So.3d at 1027 n.5.

6

used in the petition in favor of maintaining its sufficiency and affording the plaintiff the opportunity of presenting evidence at trial. **State ex rel. Tureau v. BEPCO, L.P.**, 2021-0856 (La. 10/21/22), 351 So.3d 297, 310. The burden of demonstrating that a petition fails to state a cause of action is on the exceptor. **Midland**, 361 So.3d at 1026. Appellate review is *de novo.* **Kendrick v. Estate of Barre**, 2021-00993 (La. 3/25/22), 339 So.3d 615, 617.

As noted above, the relocation statutes that govern the relocation of a child's principal residence are codified in LSA-R.S. 9:355.1, *et seq.* The relocation statutes apply if there is a court order awarding custody and there is an intent to establish the principal residence of a child at any location within the state that is at a distance of more than 75 miles from the principal residence of the child at the time that the most recent custody decree was rendered.[7] LSA-R.S. 9:355.2(B)(3); **State v. Titus**, 2018-1511 (La.App. 1 Cir. 2/28/19), 274 So.3d 591, 597. Pursuant to LSA-R.S. 9:355.4, the party proposing relocation of a child's principal residence "shall notify any person recognized as a parent and any other person awarded custody or visitation under a court decree as required by [LSA-]R.S. 9:355.5[,]" which in turn provides that notice of a proposed relocation of the principal residence of a child "shall be given by registered or certified mail, return receipt requested, or delivered by commercial courier as defined in [LSA-]R.S. 13:3204(D)" prior to the relocation. The court may consider a failure to provide notice of a proposed relocation of a child as: (1) a factor in making its determination regarding the relocation of a child; (2) a basis for ordering the return of the child if the relocation has taken place without notice or court authorization; and (3) sufficient cause to order the person proposing relocation to pay reasonable expenses incurred by the person objecting to the relocation. LSA-R.S. 9:355.6. Moreover, pursuant to LSA-R.S. 9:355.17, relocation without prior notice when there is a court order awarding custody "may constitute a change of circumstances warranting a modification of custody[,]" and "[a]ny change in the principal residence of a child, including one not meeting the threshold distance set

---

[7] The provisions of the relocation statutes do not apply to proposed relocations within the state and within distances shorter than 75 miles, nor do they apply if there is an express written agreement for the relocation. See LSA-R.S. 9:355.2(D)(1); 2012 Revision Comment (c).

7

out in [LSA-]R.S. 9:355.2, may constitute a change of circumstances warranting a modification of custody."

In this matter, Mindi's motion for contempt and motion to modify custody specifically alleged that, at the time the June 24, 2022 consent judgment was rendered, Katie resided with the minor children at 1903 St. Bernard Street, Thibodaux; that Katie had since relocated "her and the children's primary residence to 686 Chevreuil Street, Mandeville"; that the distance between the two locations was "more than 75 miles"; that Katie informed Mindi of her intent to relocate by email only, and did not provide Mindi with notice by registered mail, certified mail, or commercial courier prior to the proposed relocation; and that Katie did not obtain Mindi's consent or the court's approval prior to the relocation.

Having conducted a thorough *de novo* review of the matter before us, and presuming all of Mindi's well-pleaded facts are true and resolving all doubts in Mindi's favor, it is clear that Mindi alleged sufficient facts to plead a cause of action for violation of the relocation statutes; a cause of action for an order directing Katie to return the minor children and to pay Mindi's reasonable expenses incurred in objecting to the relocation pursuant to LSA-R.S. 9:355.6; and a cause of action for modification of custody pursuant to LSA-R.S. 9:355.17. Accordingly, the trial court erred in granting Katie's exception of no cause of action.

At the hearing of the exception of no cause of action, the trial court found that "miles" as contemplated in the relocation statutes should be measured using radial distances as opposed to roadway distances. In granting Katie's exception of no cause of action, the trial court further had to accept Katie's representation that the radial distance between the former residence and the new residence did not exceed 75 miles.[8] However,

---

[8] Of note is this court's prior ruling in **State v. Titus**, 2018-1511 (La.App. 1 Cir. 2/28/19), 274 So.3d 591.

In **Titus**, the family court denied the mother's request to relocate the minor children. The mother filed a motion for new trial on the grounds of ineffective assistance of counsel and newly discovered evidence and claims. Specifically, the mother relied on her post-trial discovery of **Holley v. Holley**, 2017-325 (La.App. 5th Cir. 11/20/17), 232 So.3d 717, 727, in which the Fifth Circuit held that the appropriate method used to measure "miles" under the relocation statutes is by radial miles, or "as the crow flies," rather than by surface or road miles. The family court in **Titus** denied the mother's motion for new trial with reasons, which this court then cited as follows:

> The mode of transportation in the mode[rn] world is by automobile, not boat, plane, helicopter, or some sort of aerocar reminiscent of The Jetsons' television show. The only practical and economical way of traveling between places is in an automobile and by using

8

the consideration of anything beyond the allegations of the petition and any attachments thereto is improper on an exception of no cause of action. **Midland**, 361 So.3d at 1027. Here, no documents were annexed to Mindi's motion for contempt and motion to modify custody, and no evidence was introduced at the hearing of this matter. Thus, the trial court's consideration of Katie's exception of no cause of action was strictly limited to the face of Mindi's motion for contempt and motion to modify custody, which explicitly alleged that Katie relocated "more than 75 miles away[.]" Mindi's motion for contempt and motion to modify custody did not make any reference as to whether the distance was in radial or road miles. Consequently, the issue of whether the relocation statutes contemplate a threshold of 75 radial miles or 75 road miles was not before the trial court on Katie's exception of no cause of action, and the trial court exceeded its limited scope in addressing the merits. See **Midland**, 361 So.3d at 1027. Accordingly, we reverse the trial court's judgment that granted Katie's exception of no cause of action and dismissed Mindi's motion for contempt and motion to modify custody.

Finally, having found that Mindi alleged a cause of action for violation of the relocation statutes and for modification of custody, we agree with Mindi's argument that the trial court erred in dismissing Mindi's motion for contempt and motion to modify child support, and failing to hold a hearing on same.

## CONCLUSION

For the foregoing reasons, we reverse those portions of the trial court's April 8, 2024 and January 6, 2025 judgments that granted Katie Harrell Thibodaux's exception pleading the objection of no cause of action, dismissed Mindi Louise Thibodaux's motion for contempt, expenses, and return of the minor children, and dismissed Mindi Louise

---

surface roads. Using any other method to calculate the distance would lead to absurd consequences. Flying in a plane, helicopter or aerocar directly from the old residence to the new residence would be impractical, as it would be by boat. Additionally, it would be impossible in Louisiana to walk in a straight line from one residence to the other without either being stopped by a marsh or body of water or without trespassing on private property. This Court is not bound by the ruling in [**Holley**] and the use of road miles is clearly not contrary to the law.

**Titus**, 274 So.3d at 598-599. Finding that the mother had not proven she was entitled to a new trial on any of the grounds she alleged, this court affirmed the family court's judgment, writing, "After thoroughly reviewing the record herein, *we agree with the reasons assigned by the family court* and find no abuse of the family court's discretion in denying [the mother's] motion for new trial." **Titus**, 274 So.3d at 599 (emphasis added).

Thibodaux's motion for modification of custody and child support. We remand this matter for further proceedings consistent with this opinion.

**REVERSED IN PART AND REMANDED.**